**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-1069

COLUMBIA GAS TRANSMISSION, LLC,

Plaintiff – Appellee,

v.

0.12 ACRES OF LAND, MORE OR LESS, IN WASHINGTON COUNTY, MARYLAND, STATE OF MARYLAND, DEPARTMENT OF NATURAL RESOURCES,

Defendant – Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge. (1:19-cv-01444-GLR)

Submitted: August 10, 2023                                    Decided: October 11, 2023

Before AGEE, WYNN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Anthony G. Brown, Attorney General, John B. Howard, Jr., Special Assistant Attorney General, Joshua M. Segal, Special Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellants. Stephen R. McAllister, Kansas City, Missouri, Michael E. Harriss, DENTONS US LLP, St. Louis, Missouri; David M. Fedder, CARMODY MACDONALD PC, St. Louis, Missouri, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Acting with federally authorized eminent domain power, Columbia Gas Transmission ("Columbia Gas"), a Delaware pipeline company, brought a condemnation action against land owned by the State of Maryland. Maryland moved to dismiss, asserting Eleventh Amendment immunity. Relying on the Supreme Court's recent decision in *PennEast Pipeline Co. v. New Jersey*, 141 S. Ct. 2244 (2021), the district court held that the Eleventh Amendment did not afford the State immunity from suit and thus denied the motion. Maryland then filed this interlocutory appeal. Seeing no error, we affirm.

In 2018, the Federal Energy Regulatory Commission granted Columbia Gas a certificate of public convenience and necessity authorizing the construction of a natural gas pipeline from Fulton County, Pennsylvania, to Morgan County, West Virginia. As approved, the pipeline would run through a tract of land in Washington County, Maryland, owned by the Maryland Department of Natural Resources ("MDNR"). Columbia Gas sought to acquire the necessary easement and successfully negotiated a proposed easement agreement with MDNR. But the Maryland Board of Public Works, which had to sign-off on the agreement, would not approve the conveyance. As a result, Columbia Gas filed a complaint in condemnation against the subject land and MDNR (collectively, "Maryland" or the "State") in Maryland federal district court, seeking to exercise the federal eminent domain power under 15 U.S.C. § 717f(h).[1]

---

[1] Under § 717f(h), when a certificate holder "cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-
(Continued)

3

Maryland moved to dismiss the action based on sovereign immunity. In particular, Maryland argued that because it had not consented to suits for condemnation by private parties and because Congress had not otherwise abrogated state sovereign immunity for such suits, the district court lacked jurisdiction over the action under the Eleventh Amendment. The district court agreed and dismissed the suit.

Columbia Gas appealed the district court's dismissal, but before this Court could hear the appeal, the Supreme Court decided *PennEast Pipeline Co. v. New Jersey*, 141 S. Ct. 2244. In that case, PennEast Pipeline, another Delaware pipeline company, sought to condemn various tracts of New Jersey-owned land under § 717f(h). *Id.* at 2253. Like Maryland here, New Jersey moved to dismiss PennEast's complaints based on sovereign immunity. *Id.* The Supreme Court rejected New Jersey's immunity defense, holding that states do not enjoy sovereign immunity from condemnation actions brought by private parties properly authorized to exercise the federal government's eminent domain power:

> Although nonconsenting States are generally immune from suit, they surrendered their immunity from the exercise of the federal eminent domain power when they ratified the Constitution. That power carries with it the ability to condemn property in court. Because the Natural Gas Act delegates the federal eminent domain power to private parties, those parties can initiate condemnation proceedings, including against state-owned property.

*Id.* at 2251–52; *see also id.* at 2259 ("[T]he States consented in the plan of the Convention to the exercise of federal eminent domain power, including in condemnation proceedings brought by private delegatees.").

---

of-way to construct, operate, and maintain a pipe line . . . , it may acquire the same by the exercise of the right of eminent domain."

In light of *PennEast*, we vacated the district court's dismissal and remanded for further proceedings.

On remand, Maryland again moved to dismiss, maintaining that, notwithstanding the states' consent in the plan of the Convention to the exercise of the federal eminent domain power, the later-enacted Eleventh Amendment independently stripped the district court of jurisdiction over the action. That was so, Maryland posited, because Columbia Gas was a citizen of another state such that its federal action against Maryland triggered the Eleventh Amendment's textual, and nonwaivable, jurisdictional bar. *See* U.S. Const. amend. XI (stating that "[t]he Judicial power of the United States shall not be construed to extend to any suit . . . against one of the United States by Citizens of another State").

According to Maryland, *PennEast* did not resolve this separate Eleventh Amendment issue, so it was proper for the district court to address it in the first instance on remand.

To support this assertion, Maryland relied extensively on Justice Gorsuch's dissent in *PennEast*. Joined only by Justice Thomas, Justice Gorsuch drew a distinction between what he called "structural immunity"—the sovereign immunity that "derives from the structure of the Constitution"; "applies in both federal tribunals and in state tribunals," regardless of the plaintiff's citizenship; and is waivable by the state—and "Eleventh Amendment immunity"—a separate form of immunity that "derives from the text of the Eleventh Amendment"; "eliminates" *federal* jurisdiction over "suits filed against states, in law or equity, by diverse plaintiffs"; and "admits of no waivers, abrogations, or exceptions." *PennEast*, 141 S. Ct. at 2264–65 (Gorsuch, J., dissenting) (citations omitted).

In Justice Gorsuch's view, *PennEast* presented "'the rare scenario' that comes within the Eleventh Amendment's text": PennEast, a citizen of *Delaware*, sued *New Jersey* in *federal* court. *Id.* at 2265. And for that reason, Justice Gorsuch concluded, the federal courts lacked subject-matter jurisdiction to "entertain this suit." *Id.* Nonetheless, Justice Gorsuch reasoned that the *PennEast* majority "understandably[] d[id] not address that issue . . . because the parties [did] not address[] it themselves and there is no mandatory sequencing of jurisdictional issues." *Id.* (cleaned up). Justice Gorsuch then closed by noting that "[t]he lowers courts . . . ha[d] an obligation to consider this issue on remand before proceeding to the merits." *Id.*

Maryland also pointed to a statement made by the *PennEast* majority in response to Justice Gorsuch's dissent: "[U]nder our precedents that no party asks us to reconsider here, we have understood the Eleventh Amendment to confer a personal privilege which a State may waive at pleasure." *Id.* at 2262 (cleaned up). In Maryland's view, the phrase "under our precedents that no party asks us to reconsider here" demonstrated that the majority merely accepted the premise that waivers of sovereign immunity in the plan of the Convention also defeat the Eleventh Amendment's jurisdictional bar, thereby leaving the issue an open question. Moreover, Maryland suggested that this phrase signaled the Court's openness to reconsidering its Eleventh Amendment jurisprudence given that the majority could have spoken in more forceful terms to *conclusively* foreclose any reading of the Eleventh Amendment that was inconsistent with its precedents.

In sum, therefore, Maryland argued that because Columbia Gas's condemnation action against it fell squarely within the Eleventh Amendment's text and because *PennEast*

6

purportedly left open the question whether waivers of sovereign immunity in the plan of the Convention also defeated the Eleventh Amendment's jurisdictional bar, the district court could and should dismiss the case for lack of jurisdiction.

The district court disagreed. To accept Maryland's arguments, the court explained, would be to "ignore the essential holding in *PennEast*," J.A. 240, which is that "Federal Government delegatees have federal eminent domain power to 'initiate condemnation proceedings, including against state-owned property,'" J.A. 238 (quoting *PennEast*, 141 S. Ct. at 2252). Therefore, the court denied Maryland's motion to dismiss.

Maryland timely noted an interlocutory appeal, over which we exercise jurisdiction under 28 U.S.C. § 1291 and the collateral order doctrine. *See Lee-Thomas v. Prince George's Cnty. Pub. Schs.*, 666 F.3d 244, 247 (4th Cir. 2012).

On appeal, Maryland raises the same arguments that it raised below. On de novo review, *see Adams v. Ferguson*, 884 F.3d 219, 224 (4th Cir. 2018), we easily conclude that the district court was right to reject them, and we do the same now.

At bottom, Maryland's arguments mirror Justice Gorsuch's dissent in *PennEast*. But Justice Gorsuch's dissent is just that—a dissent. It did not reflect the view of a majority of the justices (indeed, it reflected the view of just two), and so it does not constitute binding authority on this Court.

The *PennEast* majority opinion, on the other hand, *does* constitute such binding authority. And its holding on this issue was clear:

> As a final point, [Justice Gorsuch's dissent] offers a different theory—
> that even if the States consented in the plan of the Convention to the
> proceedings below, the Eleventh Amendment nonetheless divests federal

7

> courts of subject-matter jurisdiction over a suit filed against a State by a diverse plaintiff. But under our precedents that no party asks us to reconsider here, we have understood the Eleventh Amendment to confer a personal privilege which a State may waive at pleasure. *When a State waives its immunity and consents to suit in federal court, the Eleventh Amendment does not bar the action.* Such consent may, as here, be inherent in the constitutional plan.

*PennEast*, 141 S. Ct. at 2262 (emphasis added) (cleaned up).

As the above passage plainly demonstrates, existing Supreme Court precedents hold that the Eleventh Amendment confers on states a waivable privilege; "the Eleventh Amendment does not bar" an action to which a state has consented; and "[s]uch consent may, as [in the context of the federal eminent domain power], be inherent in the constitutional plan." *Id.* (cleaned up). Thus, far from leaving "unresolved" the Eleventh Amendment-immunity issue that Maryland now raises, the *PennEast* majority addressed that issue head-on and explicitly rejected it, as the district court here correctly found.

In our view, that is the end of the matter. Maryland "consented in the plan of the Convention to the exercise of federal eminent domain power, including in condemnation proceedings brought by private delegatees" like Columbia Gas. *Id.* at 2259. The later-enacted Eleventh Amendment, the Supreme Court has long held, did not reinstate that immunity.[2]

---

[2] Although not material to our decision, we note our deep skepticism that the *PennEast* majority's use of the phrase "under our precedents that no party asks us to reconsider here," 141 S. Ct. at 2262, "signaled its openness to reconsidering its cases on [Eleventh Amendment] waivability," Opening Br. 13. In our view, the Court was merely observing that no party urged the Eleventh Amendment reading advanced by Justice Gorsuch in dissent. We fail to see how such an observation translates into the Court's casting doubt on two centuries' worth of precedents. If anything, the Court *confirmed* those (Continued)

Maryland is, of course, free to petition the Supreme Court to revisit and even overturn its Eleventh Amendment precedents—indeed, the State appears keen to do just that. But unless and until the Supreme Court affirmatively scraps those precedents, we are constrained to apply them, a fact that even Maryland acknowledges. *See* Opening Br. 15 n.4 ("Of course, this Court is not free to overrule or disregard decisions of the Supreme Court, and Maryland recognizes that some of its arguments here may ultimately be better suited for Supreme Court review."). And under those precedents, the Eleventh Amendment does not shield Maryland from Columbia Gas's federally authorized condemnation action. Accordingly, we affirm the district court's denial of Maryland's renewed motion to dismiss.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid in the decisional process.

*AFFIRMED*

---

precedents. And in fact, it has since done so again. *See Torres v. Tex. Dep't of Pub. Safety*, 142 S. Ct. 2455, 2468 (2022) ("The Federal Government's eminent domain power is complete, such that no State may frustrate its exercise by claiming immunity to forestall the transfer of property."). But even if Maryland were right that the Court in *PennEast* expressed a willingness to rethink its Eleventh Amendment jurisprudence, we would reach the same result that we reach today as we remain bound by *existing* Supreme Court case law, which decidedly forecloses Maryland's immunity claim here.